**Abatement Order filed May 30, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00166-CV
_____

## HARRIS COUNTY SPORTS & CONVENTION CORPORATION, Appellant

## V.

## NICOLE FINLAN CUOMO, Appellee

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2014-35933**

## ABATEMENT ORDER

Harris County Sports and Convention Corporation (HCSCC) filed this interlocutory appeal from an order denying its motion to dismiss signed February 18, 2019. HCSCC timely filed a notice of appeal on February 27, 2019. *See* Tex. R. App. P. 26.1(b).

Following HCSCC's notice of appeal the trial court signed another order, on March 7, 2019, in which the court granted HCSCC's motion to dismiss. On May 14, 2019, appellee Nicole Finlan Cuomo filed a notice of appeal challenging the trial

court's March 7, 2019 order. HCSSC filed a motion to dismiss Cuomo's cross-appeal because the notice of appeal was not timely filed.

Cuomo alleges she did not receive notice of the March 7, 2019 order until May 2, 2019. Pursuant to Texas Rule of Civil Procedure 306a, Cuomo must provide a written order signed by the trial court finding the date when Cuomo first either received notice or acquired actual knowledge the judgment was signed. *See* Tex. R. App. P. 4.2(c); *see also LDF Construction, Inc. v. Texas Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (the date must be established by competent proof and included in a written order signed by the trial judge).

Accordingly, we order the case abated and remanded to the trial court for a hearing and entry of an order finding the date when Cuomo first either received notice or acquired actual knowledge that the March 7, 2019 order was signed. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court **on or before July 1, 2019.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM